1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| SUN LIFE ASSURANCE COMPANY OF CANADA, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES JACKSON, an individual; J. MADING INSURANCE AND FINANCIAL SERVICES, LLC, a California corporation, PACIFIC DENTAL SERVICES, INC., a California corporation; STEPHEN D. WATKINS, in his capacity as Trustee for the SPI-205 IRREVOCABLE LIFE INSURANCE TRUST, a California Trust; and FIRST INSURANCE FUNDING CORPORATION, an Illinois corporation,<br><br>Defendants. | Case No. CV 10-3791 AHM (MLGx)<br><br>**JUDGMENT ON STIPULATION FOR ENTRY OF JUDGMENT** |
|---|---|

In the above-entitled cause, Plaintiff Sun Life Assurance Company of Canada ("Sun Life") and Defendants James Jackson ("Jackson") and J. Mading Insurance and Financial Services, LLC ("J. Mading") (collectively, the "Defendants"), stipulated through their respective counsel that judgment may be entered herein as set forth below in accordance with a settlement reached between the parties.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Pursuant to the Stipulation of the Parties, the Court finds that as alleged in the Complaint in this Action:

   a. Defendants Jackson and J. Mading submitted false information during the application and claims process and provided false information to Sun Life with the knowledge that it was false, misleading and untrue. Defendants did so for the purpose of submitting and propagating two false applications for insurance (for PacDen Policy 1 and PacDen Policy 2), and a false claim for death benefits by reason of the death of Ralph Bourne. The information was supplied to Sun Life and the information given with the knowledge that Sun Life would rely upon it to issue PacDen Policy 1 and PacDen Policy 2, and to pay death benefits by reason of the death of Ralph Bourne.

   b. Sun Life justifiably relied on the information submitted by Defendants in connection with the insurance applications for PacDen Policy 1 and PacDen Policy 2 in reaching its decision to issue said policies. At the time the information was received by Sun Life and at the time Sun Life issued the policies and placed them into force and effect, Sun Life did not know, nor did it have any reason to know or suspect that the information submitted by Defendants including the census information for PacDen Policy 1 and PacDen Policy 2 was false, misleading, or untrue.

   c. Sun Life further justifiably relied on the information submitted by Defendants in connection with their claim for death benefits by reason of the death of Ralph Bourne, including a verification of employment letter purportedly prepared by Pacific Dental Services, Inc. This information was given by Defendants with the knowledge that it was false, incomplete, misleading, and untrue, and with the knowledge and hope that Sun Life

1 would rely upon it in issuing death benefit proceeds under PacDen Policy 1
2 by reason of the death of Ralph Bourne.  At the time the information was
3 given, Sun Life did not know, nor did it have any reason to know or suspect
4 that it was false, misleading, incomplete and/or untrue.

5       d.     Sun Life was damaged because in reliance on false information
6 submitted, Sun Life was induced to issue PacDen Policy 1 and PacDen
7 Policy 2, incur costs and charges associated with the issuance of said policies,
8 pay commissions to Defendants Jackson and Mading for sale of those
9 policies, and was induced to change its position in the context of the premium
10 financing arrangement involving FIFC.

11     2.     Judgment is hereby entered in favor of Sun Life Assurance Company
12 of Canada, and against Defendants James Jackson and J. Mading, in the amount of
13 $3,195,034.68 (to be calculated as $4,195.034.68 less payments);

14     3.     The Court further declares that this Judgment in favor of Sun Life
15 Assurance Company of Canada, and against Defendants Jackson and J. Mading to
16 be (i) for money and property obtained by false pretenses, false representations, and
17 actual fraud, (ii) based on fraud or defalcation while acting in a fiduciary capacity,
18 embezzlement, or larceny, and (iii) based upon willful and malicious injury to the
19 property of Sun Life, all within the meaning, scope and purpose of 11 U.S.C. §§
20 523(a)(2)(A), (4) and (6).

21     4.     A certified copy of this judgment may be filed in the official records of
22 the County Recorder in any county in the United States of America;

5. Each party is to bear its own costs; and

6. Interest shall accrue on this judgment at the California statutory interest rate from date of entry until full satisfaction.

DATED: January 26, 2011

_____
HON. A. H. MATZ
UNITED STATES DISTRICT JUDGE