UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3791-AHM  (MLGx) | Date | August 5, 2011 |
|---|---|---|---|
| Title | Sun Life Assurance Company of Canada v. James Jackson | | |

| Present: The Honorable | Marc L. Goldman, Magistrate Judge |
|---|---|
| Terri Steele | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   In Chambers: Order re Assertion of Fifth Amendment Rights

    This matter is before the Court following a June 21, 2011, judgment debtor examination during which James Jackson asserted his Fifth Amendment privilege against self incrimination in response to most of the questions put to him and withheld production of numerous documents for the same reason. At the Court's direction, the parties filed supplemental pleadings addressing the propriety of the assertion of the privilege. I find that the matter is appropriate for decision without oral argument, and the hearing set for August 11, 2011, is taken off calendar. Fed.R.Civ.P. 78; C.D. Cal. R. 7-15.

    In 2010, Plaintiff filed an action against Defendant Jackson and others alleging that Jackson fraudulently secured commissions from the sale of fraudulent insurance policies. Sun Life and Jackson entered into a settlement agreement, which was partially paid, and Plaintiff subsequently entered a judgment against Defendant in the amount of $3,195,034.68.[1]  Plaintiff then began proceedings to enforce the judgment, including the scheduling of a judgment debtor examination, which brought this dispute to a head.

    It is well established that an individual may assert the Fifth Amendment privilege against self incrimination in civil proceedings. *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973); *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000); *S.E.C. v. Colello*, 139 F.3d 674, 677 (9th Cir. 1998).  In civil cases, an individual may invoke the privilege if he reasonably believes his answers could be used in a criminal prosecution or lead to other evidence that could be used in a criminal prosecution. *United States v. Bodwell*,

---

[1] Jackson's motion to vacate the settlement is currently pending before District Judge Matz.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3791-AHM  (MLGx) | Date | August 5, 2011 |
|---|---|---|---|
| Title | Sun Life Assurance Company of Canada v. James Jackson | | |

66 F.3d 1000, 1001 (9th Cir. 1995) (citing *Kastigar v. U.S.*, 406 U.S. 441, 444-45 (1972)).

  A valid assertion of the privilege does not require an imminent criminal prosecution or investigation: "[T]he right to assert one's privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution." *In re Master Key Litigation*, 507 F.2d 292, 293 (9th Cir. 1974) (upholding assertion of privilege even though neither federal nor state government was "particularly interested" in commencing a criminal prosecution against the witness); *Glanzer*, 232 F.3d at 1263. A possibility of prosecution exists where the witness has not received a grant of immunity, the statute of limitations has not run, double jeopardy does not apply, and there are no other concrete indications that criminal prosecution is barred. *Id.*; *see also*, *Belmonte v. Lawson*, 750 F.Supp. 735, 739 (E.D. Va. 1990) ("[C]ourts should avoid engaging in crystal ball forecasts about what a prosecutor may or may not do. Instead, the focus should be on more reliable, traditional factors such as statutes of limitations, double jeopardy, and the grant of immunity.").

  Here, Jackson has met his burden of demonstrating a possibility of prosecution. The underlying action clearly involves allegations of fraud. David K. Willingham, counsel for Jackson, has submitted a declaration that clearly and convincingly sets out the basis for Jackson's claim that there exists a possibility of prosecution. In addition, there is no showing that the limitations period has run or that there has been a grant of immunity. Invocation of the Fifth Amendment is available under these circumstances.

  Plaintiff correctly states that the assertion of the privilege must be evaluated on a question by question basis. The parties have gone to the effort of submitting to the Court 169 questions that Plaintiff seeks to ask of Jackson, as well as Jackson's basis for asserting the privilege to approximately 130 of those questions. A question by question analysis is not warranted. Suffice it to say that in light of the allegations in the complaint and the possibility of prosecution for wire fraud, mail fraud, conspiracy and money laundering, the assertion of the privilege to questions involving real property interests, personal property interests, income, obligations and expenses, transactions with Sun Life, and documents relating to assets and liabilities all appear to be well taken. The Court further finds that Defendant's assertion of the Fifth Amendment privilege to Plaintiff's request for production of documents is similarly justified under the circumstances of this case, for the act of producing the documents may have testimonial aspects and an incriminating effect. *See United States v. Doe*, 465 U.S. 605, 612 (1984).

  For these reasons, Jackson's assertion of the Fifth Amendment privilege is legally justified. Plaintiff may obtain the answers to the questions that Jackson has properly agreed to answer.

                                               :

                            Initials of Clerk  ts