O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-03791 AHM (MLGx) | Date | September 2, 2011 |
|---|---|---|---|
| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Before this Court is a Motion for Relief from Judgment filed by Defendants James Jackson ("Jackson") and J. Mading Insurance and Financial Services, LLC ("Mading") on June 3, 2011.[1] This Motion was taken under submission on July 19, 2011. Dkt. 202. For the following reasons, the Court DENIES the Motion.

## I.     BACKGROUND

Sun Life Assurance Company of Canada ("Sun Life") brought this action against Defendants Jackson, Mading, Pacific Dental Services, Inc. ("PacDen"); Steve Watkins ("Watkins"); and First Insurance Funding Corporation ("First Insurance"). The action was originally filed in federal court on the basis of diversity jurisdiction. Compl. ¶ 1. Plaintiff is a Canadian insurance corporation. Compl. ¶ 2. Defendant Jackson is a life insurance agent licensed by the state of California. Compl. ¶ 11. He is a principal in Defendant J. Mading, a life insurance agency licensed in California. *Id*. In August 2007, both Jackson and Mading were appointed by Sun Life as independent contractors, and were authorized to sell Sun Life's insurance policies per a General Agreement between Defendants and Sun Life. Compl. ¶¶ 12-13. Mading and Jackson entered into separate agreements with Sun Life. Compl. ¶ 12-13.

Sun Life alleges that Defendants submitted an application for Sun Life's Executive Universal Life Insurance policy, and represented to Sun Life that they intended to insure 65 "key employees" of Defendant PacDen. Compl. ¶ 14. Sun Life's policy provided $2

---

[1]Dkt. 70.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-03791 AHM (MLGx) | Date | September 2, 2011 |
|---|---|---|---|
| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. | | |

million in life insurance on each of the 65 key employees. Compl. ¶ 22. Defendants made a death claim on one Mr. Ralph Bourne, a PacDen employee, and in doing so, provided Sun Life with paperwork stating Mr. Bourne worked full-time at PacDen prior to the application signing date of April 1, 2009. Compl. ¶¶ 26-30. Defendants also submitted an application for a second group of PacDen insureds, this time 25 individuals. Compl. ¶¶ 32, 35-36. After conducting an investigation, Sun Life learned that none of the individuals it had insured was ever employed by PacDen in any capacity at any time. Compl. ¶ 41. PacDen itself was unaware that any insurance policy had been issued by Sun Life insuring any of its employees. *Id*.

On May 19, 2010, Sun Life brought this action against Defendants for 12 causes of action, including declaratory relief (seeking rescission of the insurance policies), breach of contract, negligence, RICO violations, fraud and deceit, money had and received, money paid, and imposition of a constructive trust and accounting.

On July 30, 2010, Jackson personally signed a settlement agreement on behalf of himself and on behalf of Mading. Declaration of Anthony G. Chavos, Counsel for Jackson and Mading (hereinafter "Chavos Decl."), Exh. C at 9. The agreement was also signed by senior counsel for Sun Life Assurance Company, and Stephen D. Watkins, Trustee. *Id*. The terms of the settlement included the following: "Jackson and J. Mading shall pay Sun Life the amount identified as the 'Settlement Sum' on the Attached Exhibit A by wire transfer on or before October 1, 2010." Chavos Decl., Exh. C, at 4 ¶ 5. That sum was $4,065,034.68. *Id*. at Exh. A. The Settlement Agreement also included a provision in case Mading and Jackson should fail to make timely payment of the settlement sum:

> Sun Life, Jackson, and J. Mading shall sign a Stipulated Judgment in the Action in the form attached hereto as Exhibit B in a monetary amount equal to the Settlement Sum, which will be held by Sun Life's counsel and not entered so long as Jackson and J. Mading timely make payment of the Settlement Sum reference in Paragraph 3 above.[2] In the event Jackson and J. Mading fail to timely make payment of the Settlement Sum reference in Paragraph 3 above, Sun Life shall be entitled to enforce

---

[2] This appears to be a typographical error. It should state "Paragraph 5 above."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-03791 AHM (MLGx) | Date | September 2, 2011 |
|---|---|---|---|
| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. | | |

>  this Agreement by requesting that the Court enter the Stipulated Judgment.

Chavos Decl., Exh. C, at 4 ¶ 6.

On August 3, 2010, the parties submitted a notice of conditional settlement. Dkt. 25. It contained the following statement: "The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that will be performed on or before February 1, 2011. A request for dismissal will be filed not later than February 11, 2011. The parties respectfully request the Court to retain jurisdiction until February 18, 2011." Dkt. 25, at 2. The Court then issued an order dismissing the case by virtue of settlement on August 5, 2010, rendering the case closed. Dkt. 26.

Jackson allegedly failed to make any payments towards the Settlement Sum prior to the October 1, 2010 deadline, and on October 4, 2010, Sun Life's counsel provided a written ten-day notice of Plaintiff's intent to file the stipulation for judgment. Declaration of Daniel W. Maguire, Counsel for Plaintiffs (hereinafter "Maguire Decl."), Exh. F. Defendants' counsel did not object but requested more time to make the payment. Mot. at 5. On January 13, 2011, Jackson made a single payment of $1 million towards the settlement sum. *Id*. On January 25, 2011, the parties filed a stipulation for judgment signed by Defendants' counsel A. Patrick Munoz and by Daniel Maguire, attorney for Plaintiff. Dkt. 29. The Court then issued on January 25, 2011 a judgment on stipulation for entry of judgment. Dkt. 30.

Long after the case was closed, on May 3, 2011, the Court granted Defendants' request to substitute attorney Anthony G. Chavos for A. Patrick Munoz. Dkt. 67. The current Motion was filed on June 3, 2011.

## II.   DISCUSSION

Defendants contend that they are entitled to Relief from Judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and (6). Notice of Motion. They contend the judgment is void because "no party signed the Stipulation for Entry of Judgment . . . , nor did any party sign or even initial the Judgment on Stipulation of Entry of Judgment." Mot. at 4.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-03791 AHM (MLGx) | Date | September 2, 2011 |
|---|---|---|---|
| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. | | |

### A. Rule 60(b)(4)

Rule 60(b)(4) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void." The rule "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1377 (2010).

Here, Defendants claim "the judgment is void, because the stipulation upon which it is based, is void as a matter of law." Mot. at 4. However, Defendants cite to no authority for the proposition that the stipulation is void as a matter of law, particularly in light of the fact that Defendants signed the Settlement Agreement which referenced the Stipulated Judgment. Chavos Decl., Exh. C, at 4 ¶ 6.

Defendants cite to *Levy v. Superior Court of Los Angeles*, 10 Cal. 4th 578 (1995), for the proposition that "an attorney cannot sign a binding settlement agreement pursuant to Code of Civil Procedures [sic] § 664.6[3] on behalf of his client." Reply, at 6. However, that is exactly the opposite of what occurred here: Jackson personally signed the Settlement Agreement, in the presence of a notary, on behalf of himself and Mading. *See* Chavos Decl., Exh. C, at 9. Moreover, Defendants Jackson and Mading expressly authorized their counsel (at the time, A. Patrick Munoz) to enter into the stipulation through execution of the Settlement Agreement, which by its express terms incorporated the Stipulation, which in turn incorporated the Judgment. *See* Chavos Decl., Exh. C., at 4 ¶ 6. The Settlement Agreement signed by Jackson references and incorporates as an exhibit to the Settlement Agreement the stipulation that would be filed with the Court in the event Jackson defaulted on the settlement. Defendants have provided no evidence to demonstrate that Jackson did not receive the Stipulation or Judgment, or that he did not authorize his attorney to sign the stipulation.

---

[3]California Code of Civil Procedure § 664.6 provides in relevant part: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. . . . ."

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-03791 AHM (MLGx) | Date | September 2, 2011 |
|---|---|---|---|
| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. | | |

Accordingly, Defendants have failed to demonstrate, via case law or evidence, why or how their counsel's signature on the stipulation (in the absence of their own signatures) renders the judgment void, when Defendants signed the settlement agreement. As Plaintiff noted in its Opposition, "The settlement agreement, executed by the parties, gives the attorney authority to enter into the stipulation for dismissal. Were it otherwise, the Court would be flooded with frivolous motions like this after every negotiated settlement and dismissal." Opp. at 9.

### B. Rule 60(b)(6)

Rule 60(b)(6) provides that the court may relieve a party from a final judgment for "any other reason that justifies relief." "Judgments are not often set aside under Rule 60(b)(6). Rather, the Rule is 'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Latshaw v. Trainer Wortham & Company*, 452 F.3d 1097, 1103 (9th Cir. 2006).

Defendants do not provide separate analysis under Rule 60(b), noting only, "There are extraordinary circumstances present, as set forth above, which provide good cause for the Court to vacate the judgment." Mot. at 7. Accordingly, incorporating the analysis above, the Court denies Defendants' Motion under Rule 60(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the Motion.[4] The Court also DENIES Plaintiff's request for sanctions pursuant to 28 U.S.C. § 1927. Plaintiff has not

//
//
//
//

---

[4] Dkt. 70.

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-03791 AHM (MLGx) | Date | September 2, 2011 |
|---|---|---|---|
| Title | SUN LIFE ASSURANCE COMPANY OF CANADA v. JAMES JACKSON et al. | | |

established that Jackson is an attorney or otherwise admitted to practice law. Therefore, this Court has no authority under § 1927 to award sanctions.

No hearing is necessary. Fed. R. Civ. P. 78; Local Rule 7-15.

:

Initials of Preparer      SMO